**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____    **Case # 8-10-72007-ast**

**In Re.**

                                                                          **Adversary No. 8-10-08312-ast**
**In re:**
**YAAKOV HERMAN,**                                     **Chapter – 7**
**MAUREEN M. HERMAN,**
**Debtors.**

_____    **MOTION TO DISMISS**


**EPIC WHOLESALERS and  STAR**
**DIAMONDS & JEWELRY, INC.,**
                                                   **Plaintiffs,**
**-against-**
**YAAKOV HERMAN,**
**MAUREEN M. HERMAN,**
**Defendants.**                                      **Debtor(s)**

_____


        **PLEASE TAKE NOTICE**, that, upon the annexed affirmation of Jacob Silver,
duly affirmed to on August 17, 2010, and upon all the pleadings and proceedings had
herein, the undersigned will move this Court, before the **Honorable Alan S. Trust**,
Bankruptcy Judge of the United States Bankruptcy Court located **at 290 Federal Plaza,**
**_Room_ 960 Central Islip, NY 11722** on the **14 day of September, 2010 at 9:30 o'clock**
in the forenoon for an order dismissing the plaintiff's complaint pursuant to FRCP§
12(b)(1), FRCP§ 12(b)(6), FRCP§9(b), FRBP§ 4004 and FRBP§ 4007  for failure to state
a claim upon which relief can be granted, and 28 U.S.C.A.§1334(c) for Abstention.

        Responsive papers shall be filed with the Bankruptcy Court and served via mail
upon the undersigned counsel prior to the hearing date set forth above. All responsive
papers are to be timely served and in conformity with the Federal Rules of Civil
Procedure.

Dated: Kings, New York
        August 17, 2010

                                                   **Jacob Silver**
                                                   Attorney At Law
                                                   26 Court Street
                                                   Suite 1201
                                                   Brooklyn, NY 11242
                                                   (718) 855-3834
                                                   (718) 797-4141 – Fax

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____    **Case # 8-10-72007-ast**

**In Re.**

                                                                       **Adversary No. 8-10-08312-ast**
**In re:**
**YAAKOV HERMAN,**                                      **Chapter – 7**
**MAUREEN M. HERMAN,**
**Debtors.**
_____    **AFFIRMATION**


**EPIC WHOLESALERS and  STAR**
**DIAMONDS & JEWELRY, INC.,**
                                             **Plaintiffs,**
**-against-**

**YAAKOV HERMAN,**
**MAUREEN M. HERMAN,**
**Defendants.**                                  **Debtor(s)**
_____

       Jacob Silver, an attorney admitted to practice in the judicial district, attorney for

the Debtors, hereby affirms in support of the Motion To Dismiss as follows.


       1.   In an effort to reduce the burden on this court, this affirmation will not

duplicate unnecessarily as exhibits, documents that are available on-line as part of this

Court's file, as this Court may take judicial notice of the contents of its own file.

See, e.g., Federal Rule of Evidence 202, made applicable to Bankruptcy Courts by

Federal Rule of Evidence 101; In re Aerial Transit Co., 190 Bankr. 464 (Bankr. S.D. Fla.

1990) (judicial notice should be taken so as not to "grind the same corn twice"); In re.

Applin, 108 Bankr. 253 (Bankr. E.D. Cal. 1989) (judicial notice of "basic filings" in

bankruptcy proceeding).

## PLAINTIFFS OBJECTION TO DISCHARGE SHOULD BE DISMISSED AS UNTIMELY

2. The debtors herein, Yaakov Herman and Maureen M. Herman, filed a petition pursuant to Chapter 7 of the Bankruptcy code on March 24, 2010.

3. After filing the petition, the Clerk of the Court Scheduled the Section 341 Meeting for May 6, 2010 and set the Last day to oppose discharge or dischargeability for July 6, 2010.

4. On May 6, 2010, at the Section 341 meeting, one of the Plaintiff's attorneys, an attorney from the Hirschel Law Firm, PC., representing Epic Wholesalers, Inc. and Star Diamonds & Jewelry, Inc.,[1] (hereinafter "Plaintiffs") appeared and actively questioned the debtor regarding his financial affairs and effectively accused the debtor of making false statements and engaging in actual fraud, in connection with his bankruptcy petition. The trustee in this matter received documents and testimony from the debtor, and ultimately closed the meeting and noted the case as a "no asset" case. In negotiations, prior to the discharge Bar Date, the attorney from the Hirschel Law Firm, PC., continued to make these allegations.

---

[1] The relationship between these two Plaintiffs is unknown to the debtor.

5. By Stipulation, (Attached as Exhibit "A") counsel for the Epic Wholesalers, Inc. and counsel for the debtor's entered into the following stipulation dated June 25, 2010, that was So Ordered by the Court:

> Debtors Yaakov Herman and Maureen Herman, by their undersigned attorney, and Epic Wholesalers, Inc. by their undersigned attorney, hereby enter into the following Stipulation on July 8, 2010.

> [6.] The Debtors further agree to extend the time for Creditor to object to the dischargeability of the debt in question until July 25, 2010.

The terms of said Stipulation were the product of substantial negotiation over a period of several weeks, by your affirmant and an attorney from the Hirschel Law Firm, PC, a law firm with considerable experience, that actively negotiated the terms of the stipulation. This stipulation was approved by the debtor in an attempt to avoid the necessity for expensive and time consuming litigation in the Bankruptcy Court. Although the court did not approve the stipulation, it did approve the last paragraph in which the parties agreed to extend the time for Epic Wholesalers, Inc. to object to the dischargeability of their debt. The stipulation purposefully did not extend the bar date of July 6, 2010 to object to the discharge of the debtor. Plaintiffs also did not move to extend the bar date to object to the discharge of the debtor, prior to the expiration of the bar date on July 6, 2010.

6. By Adversary Complaint and the State Court Complaint annexed hereto (Exhibit "B"), against the debtor, filed with this court on July 25, 2010 at 6:00pm, and a summons filed July 27th, the plaintiff's in this matter, Epic Wholesalers and Star Diamonds & Jewelry, Inc., by new counsel, Andrew Citron, Esq., filed a proceeding to

contest the debtor's discharge, and the dischargeability of a debt that is disputed by the debtor. The grounds relied upon are listed as follows on the Pacer system:

> Adversary case 8-10-08312. Complaint by Epic Wholesalers, Star Diamonds & Jewelry, Inc. against Yakov Herman, Maureen M Herman. Fee Amount $250. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))), (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)), (67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)), (68 (Dischargeability - 523(a)(6), willful and malicious injury)). (Attachments: # 1 Complaint) (Citron, Andrew) (Entered: 07/25/2010).

## All Objections by Diamonds & Jewelry, Inc., are Untimely

7. The deadline set by the Court Clerk as the bar date to oppose discharge or dischargeability was July 6, 2010. There was no extension to the bar date made as to Diamonds & Jewelry, Inc., and therefore the time to object to discharge or dischargeability expired prior to the filing date of the complaint, on July 25, 2010, and therefore the complaint should be dismissed by the court.

## The Objection to Discharge by Epic Wholesalers, Inc. is Untimely

8. The deadline set by the Court Clerk as the bar date, to oppose discharge or dischargeability was July 6, 2010. While there was an extension as to Epic Wholesalers, Inc., for purposes of challenging the dischargeability of their disputed claim, there was no extension of the time to object to the debtor's discharge. Therefore, the time to object to the debtors discharge expired on the original date set by the Court Clerk, on July 6, 2010, and therefore the objection to discharge filed on July 25, 2010 is untimely, and should be dismissed by the court.

## <u>The Objection to the Dischargeability of the disputed debt by Epic Wholesalers, Inc. is Untimely</u>

9. This stipulation between the parties which was So Ordered by the court was an agreement and order to "extend the time for Creditor to object to the dischargeability of the debt in question until July 25, 2010." Miriam Websters online dictionary [http://www.merriam-webster.com/dictionary/until](http://www.merriam-webster.com/dictionary/until) defines the word "until" as meaning "before". The bar date to object to dischargeability was extended to the end of July 24th. Therefore, the Court Ordered stipulation was an extension of the bar date to object to dischargeability of the disputed debt, that was effective so long as the objection was filed before July 25, 2010, namely by the end of July 24[th.] The filing of the objection on July 25, 2010 at 6:00pm, was therefore beyond the Bar Date set by the court, is therefore untimely, and should be dismissed by the court.

10. The reliance by counsel for the Plaintiff's in his complaint on the erroneous entry by the court clerk in entry #13 on Pacer (Exhibit "C") that states "Last day to oppose discharge or dischargeability is 7/25/2010" is misplaced. The Court Clerk lacks the authority to modify, extend, or amend the order of the Judge. It is the responsibility of the attorney to review and comply with the actual order signed by the Judge, that is available on Pacer. As the court stated in <u>Owens v. Miller</u>, 333 B.R. 368 (N.D. Texas 2005) "parties may not rely upon the clerk nor blame the clerk when the deadline for filing a dischargeability action is missed". This applies even when the court clerk provided erroneous information to the party. Id.

## **The Application for Revocation of Discharge should be Dismissed**

11. The Plaintiffs, apparently conceding that the time to object to discharge has lapsed, have also filed an application to revoke the debtors discharge. Plaintiff's treatment of a revocation of discharge as interchangeable with an application for the denial of discharge, is misplaced. 11 U.S.C.§ 727( d)(1) allows a court to revoke a debtor's discharge if the following criteria have been satisfied: (1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11U.S.C.§727(a). See. Citybank v. Emery 201 B.R. 37 (EDNY 1996). citing  In re. Scarpinito, 196 B.R.257,267 (Bankr.E.D.N.Y.1996); In re. George, 179B.R.17, 22(Bankr.W.D.N.Y.1995).


12. Plaintiff's application for a revocation of discharge, comes during the "gap period" between the expiration of the Bar Date for the time to object to discharge on July 6th and the actual ministerial act of issuance of the Discharge order by the Court Clerk. While the Plaintiff's challenge is not premature, courts have held that under Section 727(d)(1)  the Plaintiffs must demonstrate that he did not know of the alleged fraud prior to the granting of the discharge, which in the case of an application filed during this "gap period" means the bar date to object to the debtor's discharge, namely July 6, 2010. See. Holmes v. Burrell 2008 WL 3209620 (Bankruptcy Court SDNY 2008)(dismissing all §727 and § 707(a) claims); Citybank v. Emery 201 B.R. 37 (EDNY 1996).

13. Plaintiffs, makes no mention in the complaint as to how these allegations, which were made by an attorney from the Hirschel Law Firm, PC., at various times, from during the Section 341 meeting and continuing through the lapse of the discharge bar date, was in fact only learned by the Plaintiffs after the discharge Bar Date of July 6, 2010. It is apparent that this is a situation where the Plaintiffs apparently either intentionally or accidentally missed the bar date to object to discharge, and is now attempting to wrongfully revoke the debtor's discharge. The failure to address in the complaint, with specificity as to when the Plaintiffs learned of the alleged fraud, renders the complaint insufficient as a matter of law. The court should therefore dismiss the complaint.

## The Objections to the Dischargeability of the disputed debt and to the Discharge of the Debtors, also fail to state a cause of action

14. If the court does not dismiss the Plaintiff's objections to the Dischargeability of the disputed debt and to the discharge of the debtor, on the grounds that they were filed past the bar date, and are therefore untimely, then the court should dismiss these allegations on the grounds that the allegations, fail to state a cause of action pursuant to FRCP§ 12(b)(6).

15. The plaintiffs in this case are required to support allegations of Fraud with particular factual statement to support the allegations made. FRCP§ 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a

person may be averred generally. The issue of fraudulent intent is especially relevant in this proceeding, since the debtor disputes the obligation to the Plaintiff.

16. In <u>Amex v. Henein</u>, 257 B.R. at 706 (E.D.N.Y.1994) the court affirmed the bankruptcy court's dismissal of the complaint in holding that the inference of fraudulent intent may be established through circumstantial evidence by alleging facts to show that the defendant had both the motive and opportunity to commit fraud or by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.

17. The complaint should also be dismissed, as the plaintiff in this case has failed to support his allegations of fraud with particular factual statements, pursuant to FRCP§ 9(b). In <u>Sharp International Corp. v. State Street Bank</u> 281 B.R. 506 (Bankr. E.D.N.Y. 2002) affirmed 302 B.R. 760 (E.D.N.Y. 2003), the Hon. Carla E. Craig held that FRCP§ 9(b) requires that the plaintiff must allege all of the necessary elements of the fraud with particularity, and that a failure to support all of the necessary elements of the fraud with particular factual allegations renders the complaint insufficient as a matter of law, mandating it's dismissal.

18. In <u>Sharp International Corp. v. State Street Bank</u> id. the court stated that "The court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

Gregory v. Daly , 243 F.3d 687(2d Cir. 2001); Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993). In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. Amalgamated Bank of New York v. Marsh, 823 F.Supp.209, 215 (S.D.N.Y.1993).

19. In Re. Olwan, 476 B.R. 312 (Bankr. E.D.N.Y. 2004) the court, specified that the plaintiff must specifically allege facts to support fraud in the complaint from which the court can discern the debtor's subjective intent, including circumstantial factors suggesting that a debtor did not intend to repay the debt, or otherwise defrauded the creditor. This plaintiff's complaint completely fails to allege any facts to support it's sweeping legal allegations, and should therefore be dismissed.

20. In re. Johnson, 313 B.R. 119 (Bankr. E.D.N.Y. 2004), the court held that in seeking an exception to discharge, the creditor bears the burden of proof by a preponderance of the evidence. See.  Grogan v. Garner, 498 U.S.279, 291,111, S.Ct 654, 112 L.Ed.2d 755 (1991).  The creditor must establish each of five elements:  first, that the debtor made a false representation; second, that at the time it was made, the debtor knew it was false; third, that the debtor made the representation with the intent of deceiving the creditor; Fourth, that the creditor justifiably relied on the representation; and finally, that the creditor sustained loss or damages that was proximately caused by the false representation.  Chase Manhattan Bank, USA,N.A. v. Giuffrida (in re. Giuffrida), 302 B.R.119, 123 (Bankr. E.D.N.Y. 2003).

21. <u>In re. Giuffreida</u> 302 B.R. 119 (Bankr. E.D.N.Y. 2003). the Hon. Melanie L. Cyganowski dismissed a complaint that lacked specific factual allegations, and held that the burden is on the plaintiff to establish each element of the statute by a preponderance of the evidence. The court held that to sustain a cause of action under section 11 U.S.C. §523(a)(2)(A), a creditor must establish the following:

(i)     The debtor made a false representation;

(ii)    At the time the representation was made, the debtor knew it was false;

(iii)   The debtor made the representation with intention of deceiving the creditor;

(iv)    The creditor sustained loss or damage as the proximate consequence of the false, material misrepresentation. <u>See, e.g., In re. Hanna,</u> 163 B.R. 918,925 (Bankr.E.D.N.Y.1994); <u>In re. Jacone,</u> 156 B.R. 740,743(Bankr.S.D.N.Y.1993)

22. The plaintiff's further have alleged no facts as to their other allegations that the debt allegedly owed to them is non-dischargeable on the grounds alleged by them of:

> fraud, defalcation, money obtained, by false pretenses, false representations, and actual fraud, other than a statement respecting the debtor's or an insider's financial condition, 11 United States Code 523 Section (2)(A); b. fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, Section (4); and c. willful and malicious injury by the debtor to another entity or to the property of another entity, Section(6).

23. Instead of properly preparing a detailed complaint which would give each of the debtors notice of the factual allegations supporting the causes of action of non-

dischargeability, the plaintiff invites the debtor to review the state court complaint in search of allegations that may support a cause of action under the Bankruptcy Code. The state court complaint, which solely deals with state law, offers no specific facts to support the legal requirements of non-dischargeability, with the specificity required by the bankruptcy code. The plaintiffs have therefore failed to provide allegations sufficient to sustain a cause of action that the debt in question is non-dischargeable.

24. The allegations relating to the denial of discharge also fail to state with the requisite specificity, against each of the debtors, all of the elements of fraud that are necessary to state a cause of action. The Adversary proceeding complaint and the state court complaint are further not properly verified and signed by someone with personal knowledge of the facts, and is insufficient as a matter of law. This is especially relevant, where the debtor has disputed that this Plaintiff, is even a creditor of the debtor.

## **The Plaintiffs are Estopped from claiming to be a Creditor.**

25. As is alleged in Exhibit "B", the Plaintiff's amended state court complaint that is attached to the Plaintiffs adversary complaint, the Plaintiffs allege that they made a loan to the debtor, as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Prior to July 16, 2008, the plaintiffs and defendants

HERMAN and PRESTIGE REMODELING entered

into an agreement wherein the plaintiffs agreed to

loan defendant PRESTIGE REMODELING

the amount of Eighty Thousand ($80,000.00) dollars.

7. Upon information and belief, Yakov Herman is the

President of PRESTIGE.

8. On or about July 16, 2008, Plaintiff EPIC

WHOLESALERS tendered to PRESTIGE one check

in the amount of Sixty Thousand ($60,000.00) dollars

and one check in the amount of Twenty Thousand

($20,000.00) dollars, for a total amount of Eighty

Thousand ($80,000.00) dollars.

9. HERMAN has acknowledged receipt of Eighty

Thousand ($80,000.00) dollars in an affirmation

executed by HERMAN dated February 4, 2009.


26. The debtor was sued by the Plaintiffs after he executed a statement dated

February 4, 2009 (Exhibit "D") apparently some seven months after the alleged loan was

made, in the back of a car that was placed before him by an individual from a check

cashing company that he trusted. Debtor alleges that he signed a written statement that

appeared to be innocuous, and debtor believes that this individual fraudulently altered the

statement and added language indicating that he received the eighty thousand ($80,000)

dollars from the Plaintiffs.


27. The debtor listed the debt as disputed in his bankruptcy petition. The debtor

denies that he received any funds from the Plaintiffs, denies that they are a creditor, and

alleges that the Plaintiffs are committing a fraud upon the bankruptcy court by alleging that they are a creditor, when in fact the debtor denies receiving these funds from the Plaintiffs. There is, to the debtor's knowledge, no documentation evidencing that any loan was made, and the checks appear to have been cashed by someone without any endorsement on the back of the two checks.

28. Subsequent to the filing of the bankruptcy proceeding, your affirmant in researching the underlying state court claim, discovered in the office of the Kings County Clerk, that the Plaintiffs had previously filed a proceeding against their own banks, JP Morgan Chase Bank, N.A., and HSBC Bank, as well as Banco Popular, N.A.,  regarding these exact same checks (Exhibit "E"). This proceeding was filed in the Kings County Supreme Court by Summons and Complaint dated December 24, 2008, under Index # 34331/08, and is currently active.

29. This complaint was signed by Andrew Citron, who is the same attorney who signed  the Adversary Proceeding herein. The facts alleged in this earlier complaint are directly contradictory to those factual allegations made in the state court complaint against the debtor which are incorporated into the complaint made in the adversary proceeding. The allegations made in this earlier state court complaint regarding these exact same checks, signed by Mr. Citron are as follows are as follows:

10. Epic did not deliver either check to Prestige, or to any authorized agent of Prestige. Rather, shortly after

purchase, Epic lost both checks. Accordingly, Epic is and was, at all relevant times, the owner of the checks.

11. Neither check was ever endorsed by Prestige or any authorized agent of Prestige.

12. Despite the absence of endorsements, Banco Popular paid the checks to person(s) not entitled to enforce the checks.

30. This complaint and cause of action, which is also being pursued by the plaintiffs, <u>contains statements of fact, that these same checks were never delivered to Prestige and were instead lost by Epic</u>, directly contradicts the facts alleged in the adversarial complaint which state that a loan was made to the debtor with these same two checks. These earlier factual allegations which were made by counsel for the Plaintiffs in a case that is currently being litigated, binds the Plaintiffs, even if the Plaintiffs dispute that they authorized their attorney to make these statements. See. <u>Taub v.Hershkowitz,et.al</u> 09-1277, 2009 WL 4730225 (Bkrtcy.E.D.N.Y. 2d. ESS. (Second Taub Decision)). Especially relevant, is that fact that Mr. Cintron signed the original state court complaint and the adversary complaint, and continues to represent the Plaintiffs, and therefore his authorization to make statements on his clients behalf, continues. Additionally, A review of an affirmation by a party in the state court file also alleges that some six months after the checks were issued, the plaintiffs apparently also reported to their banks that the checks were never received by Prestige, were lost, and were deposited by persons unknown.

31. These earlier factual statements that these checks were never delivered to Prestige and were instead lost by Epic, are in direct contradiction with the Plaintiffs current cause of action, that the checks were given as a loan, constitute informal judicial admissions which bar the Plaintiffs from proceeding under these different set of facts. See. Morgenthow & Latham v. Bank of New York Company, Inc., 305 A.D.2d 74, 760 N.Y.S.2d 438 (1st Dept. 2003), which states in pertinent part: "The documentary evidence relied upon by BNY constitutes informal judicial admissions by plaintiffs' "attorney-in-fact" in another action (see Matter of Union Indem. Ins. Co., 89 NY2d 94, 103 [1996] [admissions made by counsel for liquidator in separate action constitute informal judicial admissions that were binding on liquidator in instant action]).

32. As the New York State Court of Appeals explained in Matter of Union Indem. Ins. (89 NY2d at 103): "Informal judicial admissions are recognized as 'facts incidentally admitted during the trial or in some other judicial proceeding, as in statements made by a party as a witness, or contained in a deposition, a bill of particulars, or an affidavit. (Prince, Richardson on Evidence § 8-219, at 529 [Farrell 11th ed]). A formal judicial admission in one action may become an admission in the evidentiary sense in another action, and would be classified as an informal judicial admission in the later action (Richardson, op. cit., at 530). Furthermore, "[a]n admission in a pleading in one action is admissible against the pleader in another suit, provided it is shown "by the signature of the party, or otherwise, that the facts were inserted with his knowledge, or under his direction, and with his sanction"" (Richardson, op. cit., at 530, quoting Cook v. Barr, 44 NY 156, 158)."

## MOTION FOR ABSTENTION

33. In the event that this court allows the Plaintiffs to proceed with an objection to discharge, then the debtor requests that the court first address the issue of whether, in light of the fact that the debtor has disputed the debt in question, whether the creditor has standing to proceed as a party in interest. The debtor requests that prior to any proceeding to object to the discharge of the debtor, that the court hold the issue of the discharge of the debtors in abeyance, and abstain from the factual determination as to whether the Plaintiff's are in fact, creditors at all, pursuant to New York State Law.

34. The debtors are requesting that pursuant to 28 U.S.C.A.§1334(c), that the court exercise mandatory or discretional Abstention due to the nature of this proceeding which involve disputed factual allegations uniquely involving state law. This proceeding involves complicated issues of contract pursuant to New York State Law, as well as the testimony of many witnesses and the depositions of parties. The Court in In Re. Cole 382 B.R. 20 (EDNY 2008 CEC) held that the:

> Bankruptcy court will weigh the following factors
> in deciding whether to exercise its discretion to permissively
> abstain from hearing a proceeding:
> (1) effect of abstention on efficient administration of
> bankruptcy estate;
> (2) extent to which state law issues predominate;
> (3) difficult or unsettled nature of the applicable state law;
> (4) presence of related proceeding commenced in state or other non-
> bankruptcy court;
> (5) whether there is any non-bankruptcy jurisdictional basis;
> (6) degree of relatedness or remoteness of proceeding to main
> bankruptcy case;
> (7) substance, rather than form, of
> asserted "core" proceeding;

(8) feasibility of severing state law claims;
(9) burden on court's docket;
(10) likelihood that commencement of proceeding
in bankruptcy court involves forum shopping
(11) existence of right to jury trial; and
(12) presence in proceeding of nondebtor parties. 28 U.S.C.A. §
1334(c)(1). Id at 29 citing <u>N.Y. City Employees' Ret. Sys. v. Ebbers (In
reWorldCom, Inc. Sec. Litig.),</u> 293 B.R. 308, 332 (S.D.N.Y.2003).

35. This court similarly granted abstention in <u>In Re. Wider</u>
2009WL4345411(Bkrtcy.E.D.N.Y.) on claims other than the actual §727 claims
themselves. See. <u>Taub v.Hershkowitz,et.al.</u>(In re. Taub (First Taub Decision)), No. 09-
1277, 2009WL3055233  Although this court in <u>In Re. Wider</u> did not grant Abstention on
the §727 claims themselves, the factual determination under New York State Law, which
is a prerequisite for determining the standing of an individual to claim a status as creditor,
and involves an unrelated Non-Core matter that is entirely based upon a very complicated
area of New York State law, should be heard by the State Court which has the specialized
expertise and experience in these matters. See. Similarly, <u>Nemsa Establishment v. Viral
Testing Systems Corp.</u> 1995 WL 489711 (SDNY 1995) Quoting <u>In Re. Riverside
Nursing Home</u> 144 B.R. at 956 "adjudication of the eviction proceeding require[d] the
application of New York State's complex landlord and tenant law"; see also. <u>In Re. Cole</u>
382 B.R. 20 (EDNY 2008 CEC); <u>In Re. Buran</u> 351 B.R. 300 (WDNY 2006); <u>In Re.
Dabrowski</u> 257 B.R. 394 (SDNY 2001).

36. Debtor requests that the requirements of a separate memorandum of law be
waived.

37. A proposed order is attached as "Exhibit "F".


**WHEREFORE,** the Debtor prays that this Court enter an Order as follows:


1. Dismissing the complaint of the Plaintiffs.

2. Granting the Debtor the Order of Discharge and closing the case.

3. Granting Abstention of the state court matters.

4. Such other and further relief as the court deems proper.


Dated: Kings, New York
       August 17, 2010


                                        **/s Jacob Silver**
                                        _____
                                        **Jacob Silver** (js7784)
                                        Attorney At Law
                                        26 Court Street
                                        Suite 1201
                                        Brooklyn, NY 11242
                                        (718) 855-3834
                                        (718) 797-4141 – Fax

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____     **Case # 8-10-72007-ast**
**In Re.**
                                            **Adversary No. 8-10-08312-ast**
**In re:**
**YAAKOV HERMAN,**                           **Chapter – 7**
**MAUREEN M. HERMAN,**
**Debtors.**
_____     **MOTION TO DISMISS**


**EPIC WHOLESALERS and  STAR**
**DIAMONDS & JEWELRY, INC.,**
                              **Plaintiffs,**
**-against-**

**YAAKOV HERMAN,**
**MAUREEN M. HERMAN,**
**Defendants.**                       **Debtor(s)**
_____

---

## MOTION TO DISMISS

---

**Jacob Silver** (js7784)
Attorney At Law
26 Court Street
Suite 1201
Brooklyn, NY 11242
(718) 855-3834
(718) 797-4141 – Fax

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____   Case # 8-10-72007-ast
**In Re.**

Adversary No. 8-10-08312-ast
**In re:**
**YAAKOV HERMAN,**                    Chapter – 7
**MAUREEN M. HERMAN,**
**Debtors.**
_____   **MOTION TO DISMISS**

**EPIC WHOLESALERS and  STAR**
**DIAMONDS & JEWELRY, INC.,**
                          **Plaintiffs,**
**-against-**

**YAAKOV HERMAN,**
**MAUREEN M. HERMAN,**
**Defendants.**                       **Debtor(s)**
_____

## AFFIRMATION OF SERVICE

        JACOB SILVER, Esq. an attorney duly admitted to practice law in the courts of
the State of New York, hereby affirms the following under penalty of perjury:

That deponent served a copy of the **Motion To Dismiss with Exhibits**, by mailing a copy
to:

                          Service on:  August 17, 2010

Andrew Citron, Esq.
110 Wall Street
11th  Floor
New York, NY 10005


Dated:  Kings, New York
        August 17, 2010

                          **/S Jacob Silver**
                          _____
                          Jacob Silver, Esq. (js7784)